**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIN LIN, a.k.a. Zhende Chen, | No. 08-70303 |
| Petitioner, | Agency No. A096-401-401 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Bin Lin, native and citizen of China, petitions pro se for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992).  We deny the petition for review.

Even if Lin is credible, substantial evidence supports the agency's finding that Lin did not establish the incident in which he was detained for one day and beaten rose to the level of persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006).  Furthermore, the record does not compel the conclusion that Lin established a well-founded fear of future persecution on account of his religion or political opinion.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (record evidence did not show petitioner had objectively reasonable basis for future fear).

Because Lin failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, the record does not compel the conclusion it is more likely than not that Lin will be tortured if he returns to China.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

08-70303